**"O"**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MANUEL IBARRA, ) | Case No. CV 05-06805-MLG |
| ) | |
| Plaintiff, ) | ORDER AFFIRMING DECISION |
| ) | OF COMMISSIONER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1] The Court finds that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to analyze whether Plaintiff's work as a dishwasher was performed at a substantial gainful employment ("SGA") level so as to properly be considered "past relevant work" for purposes of analysis

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1  under the applicable regulations.

2      Plaintiff is a 59-year-old applicant for Supplemental Security
3  Income benefits with a sixth grade education obtained in Mexico. (AR at
4  21). He claims to be disabled due to diabetes, neuropathy and vision
5  problems. (AR at 21). In a decision dated April 30, 2003, the ALJ
6  determined that Plaintiff has a combination of impairments that are
7  considered "severe" under the Regulations, but none alone or in
8  combination which meet or equal one of the listed impairments in 20
9  C.F.R., Part 404, Subpart P, Appendix 1. (AR at 25). The ALJ found that
10 Plaintiff has the residual functional capacity (RFC) to lift and carry
11 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk 6
12 hours in an 8 hour workday; but is precluded from fine visual
13 discrimination from a distance. Based upon these findings, the ALJ
14 concluded that Plaintiff could return to his past work as a dishwasher.

15     Plaintiff does not contest any of the findings as to exertional
16 ability. Instead, Plaintiff objects to the finding that Plaintiff's
17 past work as a dishwasher is relevant for Social Security purposes,
18 because he asserts that he never performed this occupation at the level
19 required for it to be considered substantial gainful activity.

20     In order to find that an applicant can return to his past relevant
21 work, the ALJ must find that a previously performed occupation rose to
22 the SGA level and thus constituted "past, relevant work" that an
23 applicant may return to. *See* Social Security Ruling 82-62. Plaintiff
24 solely contends that, based upon his earnings average, his past work as
25 a dishwasher was not performed at the SGA level, and that the ALJ failed

26
27
28

to address this issue.[2]

SGA is work done for pay or profit that involves significant mental or physical activities. 20 C.F.R. §§ 416.971 to 416.975. Earnings can be a presumptive, but not a conclusive sign of whether a job is SGA. 20 C.F.R. § 416.974(b)(6). SSA records show Plaintiff earned $1500 as a dish washer in 2000. (AR at 52, 58). The ALJ found that this job constituted "past relevant work," as defined by 20 C.F.R. § 416.965, because it was performed within the past 15 years and lasted long enough for the Plaintiff to learn the job and meet the definition of SGA. (AR at 25).

The job of dishwasher can be learned in thirty days or less. (AR at 152-53). Plaintiff testified that he worked as a dishwasher for two months in 2000, but his self-reported, written work history report indicated he worked as a dishwasher for five months in 2001. (AR at 197-98, 81). The SSA Earnings Report shows $1500 of earnings for 2000, and no earnings at all for 2001. Either way, the ALJ is correct that Plaintiff worked long enough to learn the job of dishwashing. If he worked two months in 2000, then his job earnings presumptively rose to the level needed to establish SGA. 20 C.F.R. § 416.974(b)(6); SSR 82-62. If he worked five months in 2001, then he averaged $300 a month, which is right on the line of presumptively not qualifying as SGA. 20 C.F.R. § 416.974(b)(2)(ii)(b). Plaintiff does not explain the discrepancy

---

[2] The Court notes that even if Plaintiff were technically correct, this would likely be a situation in which a finding of harmless error would be appropriate. *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991)(harmless error rule applies to review of administrative decisions regarding disability). Plaintiff does not contest the finding that he could perform work at the medium exertional level. Given his age and limited education, he would be deemed not disabled under the medical-vocational guidelines, 20 C.F.R., Part 404, Subpart P, Appendix 2, Rule 203.11.

among the work history report, his hearing testimony, and the SSA Earnings Report showing income in 2000, but not in 2001. Instead, he relies exclusively on the written work-history report in support of his argument.

The Court finds that it was appropriate for the ALJ to implicitly credit the SSA Earnings report showing earnings in 2000, and the testimony of Plaintiff at the hearing that he worked as a dishwasher for two months in 2000. Thus, for these reasons and for the reasons stated by the Commissioner in pages 7-9 of the Joint Stipulation, the Court finds that it was reasonable for the ALJ to conclude that Plaintiff's work as a dishwasher rose to the level of SGA, and thus qualified as past relevant work that he could return to.

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: May 3, 2006          */S/ Marc L. Goldman*

　　　　　　　　　　　　　　　　MARC L. GOLDMAN
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE